UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL JACKSON,                              CIVIL ACTION NO.
    Plaintiff

v.                                           TRIAL BY JURY DEMANDED

ROAD READY USED CARS, INC. and
RONALD SARACINO,
    Defendants                               NOVEMBER 21, 2016

**COMPLAINT**

**I. INTRODUCTION**

1.      This is a suit brought by a consumer against Road Ready Used Cars, Inc.

("Road Ready") for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et*

*seq.* ("ECOA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat §42-

110a *et seq.* regarding the purchase and sale of a motor vehicle.  Plaintiff also brings

claims against Ronald Saracino ("Saracino") for forgery.

**II. PARTIES**

2.      Plaintiff, Daniel Jackson ("Jackson"), is a natural person residing in Bronx,

New York.

3.      Defendant Road Ready is a Connecticut corporation located in Bridgeport,

Connecticut.

4.      Defendant Saracino is a natural person residing in Bethany, Connecticut,

and is the principal of Road Ready.

### III. <u>JURISDICTION</u>

5.      Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 15 U.S.C. § 1691e(f).

6.      This court has jurisdiction over the defendants because Road Ready is organized under the laws of the state of Connecticut and Saracino is a resident of Connecticut, and they do business in this state.

7.      Venue in this court is proper because Road Ready and Saracino are residents of this state and the claims involve a transaction that occurred in Connecticut.

### IV. <u>FACTUAL ALLEGATIONS</u>

8.      Road Ready is a used car dealership that regularly extends financing to consumers by selling motor vehicles pursuant to retail installment sales contracts that are entered into between Road Ready and the purchasers of the motor vehicles.

9.      Road Ready works with a variety of sales finance companies that engage in "indirect lending" by accepting assignment of the retail installment sales contracts originated by Road Ready in return for consideration paid by the sales finance companies.

10.     Road Ready regularly participates in the credit decisions by the sales finance companies by making decisions regarding whether to submit applications to companies and by making decisions regarding which finance companies will receive applications based upon its assessment of an applicant's creditworthiness. Road Ready also participates in the credit decisions by structuring or restructuring the terms of sales in order to meet the concerns of the finance companies. For example, it might insist that a consumer put more money down or request that a consumer find a co-signer.

Additionally, Road Ready regularly sets the annual percentage rate by increasing the contract rate of interest above the "buy" rate approved by sales finance companies.

11.     In or around June, 2016, Jackson was interested in purchasing a vehicle, and he saw a 2007 Infiniti G35 (the "Vehicle") advertised on the Internet by Road Ready.

12.     Jackson is either intellectually disabled or extremely limited in his cognitive and adaptive functioning, and his limited abilities were apparent to and known by Road Ready and its employees.

13.     Jackson owned a 2006 Honda Odyssey with approximately 152,000 miles that he was interested in trading in, and he owed approximately $11,800 on the vehicle.

14.     Jackson went to Road Ready and he met with a salesman, Carlos Gonzalez.

15.     Road Ready told Jackson that it would give him a trade-in allowance of $3,000 for the Honda.

16.     Jackson was not able to afford the entire purchase price of the vehicle, and Road Ready offered to assist Jackson in financing the purchase.

17.     Jackson completed a credit application at Road Ready's request, and, on information and belief, Road Ready submitted the credit application to various finance companies in an attempt to secure an agreement to accept the assignment of a retail installment sales contract that Road Ready would enter with Jackson.

18.     On information and belief, Road Ready submitted false information regarding Jackson's income, his creditworthiness, and the trade-in in an attempt to secure approval by a sales finance company.

19.     Road Ready told Jackson that he would need to pay a down payment of $10,000, but the down payment would be refunded if Road Ready was unable to secure financing based upon a down payment of that size.

20.     The reason that such a large cash down payment was required was because Jackson owed approximately $8,800 more on the Honda than the trade-in allowance that Road Ready had offered, and the majority of the down payment was required to pay off the balance.

21.     Jackson agreed to purchase the Vehicle for a sale price of $19,000, and on June 25, 2016, he paid a cash down payment of $10,000.

22.     Road Ready prepared an incomplete handwritten Purchase Order dated June 25, 2016 and instructed Jackson to sign it.  Jackson signed the Purchase Order even though it was not complete.  The purchase order, as signed by Jackson, did not state the amount of the deposit, did not state the amount of sales tax or the applicable rate, and it did not state the total cash price delivered.

23.     The Purchase Order included a provision stating:

IF YOU [Road Ready] AGREE TO ASSIST ME IN OBTAINING FINANCING FOR ANY PART OF THE PURCHASE PRICE, THIS ORDER SHALL NOT BE BINDING UPON YOU OR ME [Jackson] UNTIL ALL OF THE CREDIT TERMS ARE PRESENTED TO ME IN ACCORDANCE WITH REGULATION "7' (TRUTH-IN-LENDING) AND ARE ACCEPTED BY ME.

24.     Notwithstanding the conditional nature of the Purchase Order, the purchase order also stated "NO REFUND OF DEPOSIT", and it did not contain language that provided for the refund of a deposit should the purchase order not become binding upon credit approval and disclosure of the credit terms.

25.     Road Ready did not provide Jackson with a copy of the Purchase Order at the time that he signed it.

26.     Upon information and belief, Road Ready was not able to secure an approval by a sales finance company, and it was never willing or able to extend financing to Jackson for the purchase.

27.     In an attempt to reduce the pay-off on Jackson's trade-in so that some of that deposit could be applied to the purchase of the Vehicle, Anthony Petruzziello, Road Ready's Sales/Finance Manager, instructed Gonzalez to contact the creditor on the trade-in and request the cancellation of a service contract that Jackson had purchased.

28.     Gonzalez acted as directed, and he contacted the creditor and falsely stated that he was Jackson and arranged for the cancellation of the service contract.

29.     Jackson did not know that Road Ready had caused his service contract to be cancelled, and Jackson did not consent to that cancellation.

30.     Jackson returned to Road Ready on or about July 15, 2016, and he paid an additional $1,500 towards his down payment, because he thought the additional payment would help Road Ready to secure financing for him for the Vehicle.

31.     By early to mid-August, Road Ready had abandoned any attempt at securing an assignee for a retail installment contact based upon an $11,500 down payment, but it failed to so inform Jackson.

32.     On or about August 12, 2016, Jackson returned to Road Ready and asked Petruzziello for his money back. Petruzziello and Saracino both told Jackson that the deposit was not refundable, and they refused his request.

5

33.     Jackson asked for a copy of his purchase order, which he still had not received. Saracino took the purchase order and filled in some of the information that had not been completed at the time that Jackson had executed the purchase order.

34.     Specifically, Saracino wrote "$11,500" as the deposit submitted with the order, even though only $10,000 had been paid at the time that Jackson had signed the purchase order. Saracino also wrote in amounts for the sales tax and the total cash price delivered.

35.     As of the filing of this complaint, Road Ready has refunded only $200 of the $11,500 deposit, which was given to him so that he could pay for transportation back home from Bridgeport.

36.     Jackson has not been able to purchase another vehicle because of Road Ready's retention of the deposit.

37.     Road Ready has never furnished Jackson with written notice of any adverse action on his credit application.

## V.     CAUSES OF ACTION

### A.  Equal Credit Opportunity Act – Road Ready

38.     Road Ready is a "creditor" within the meaning of ECOA.

39.     Road Ready denied Jackson's application for credit and failed to provide him with an adverse action notice explaining the reasons for the denial of his credit application.

40.     Road Ready's failure to furnish an adverse action notice was a violation of 15 U.S.C. § 1691(d).

41.     As a proximate result of Road Ready's violations of the ECOA, Jackson suffered inconvenience, embarrassment, humiliation, aggravation, and emotional distress.

42.     Jackson was also harmed, because not knowing that his credit application had been rejected, he paid an additional $1,500 deposit.

43.     Road Ready is liable to Jackson for damages, statutory punitive damages in an amount not greater than $10,000 pursuant to 15 U.S.C. § 1691e(b), and attorney's fees and costs.

**B. Connecticut Unfair Trade Practices Act – Road Ready and Saracino**

44.     Road Ready engaged in unfair and deceptive acts in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*, as follows:

   a.  It represented to Jackson that his deposit would be refunded if his credit application was rejected but then failed and refused to refund the deposit;

   b.  It failed to furnish a copy of the purchase order to Jackson at the time that he executed the document, as required by Conn. Gen. Stat. § 14-62(a);

   c.  It had Jackson execute a purchase order that did not include all of the information required by Conn. Gen. Stat. § 14-62(a), specifically:

      i.   The amount of the deposit;

      ii.  A disclosure that the deposit was conditionally refundable;

      iii. A statement giving the conditions for refund; and

      iv.  The finance charges.

      d.   It added a dealer conveyance fee to the price of the vehicle at the time the purchase order was signed by Jackson, a violation of Conn. Gen. Stat. § 14-62((b)(1).

      e.   It altered the content of the purchase order after it had been executed by Jackson.

      f.   It made false statements to Jackson regarding the credit application process and status.

      g.   It made false statements to sales finance companies regarding the transaction and Jackson's creditworthiness.

      h.   It wrongfully retained Jackson's deposit.

      i.   It cancelled the service contract on Jackson's trade-in without his knowledge or consent.

      j.   It knowingly took advantage of Jackson despite its awareness of his intellectual disability or cognitive and adaptive limitations.

45.    Jackson has suffered an ascertainable loss in that he has lost his $11,500 and is unable to purchase another vehicle. Additionally, Jackson lost the benefit of his service contract.

46.    Road Ready's violations of CUTPA were undertaken by Saracino personally or at his direction, and he is personally responsible for those violations.

47.    For Road Ready's violations of CUTPA, Jackson seeks actual damages, punitive damages and a reasonable costs and attorney's fee.

### D.   Breach of Contract – Road Ready

48.   Road Ready has failed and refused to refund the deposit even though it agreed to assist Jackson in obtaining financing and it never furnished him with credit terms.

49.   Road Ready has breached its contractual obligations.

### E.   Rescission – Road Ready

50.   Jackson is entitled to a rescission of the purchase order and a return of the amounts that he has paid thereunder.

### F.  Civil Forgery – Saracino

51.   Saracino committed civil forgery by altering the Purchase Order after it was signed by Jackson.

52.   Saracino is liable to Jackson for double his damages pursuant to Conn. Gen. Stat. § 52-565.

**WHEREFORE,** Plaintiff claims actual damages, statutory punitive damages, and attorney's fees.

PLAINTIFF, DANIEL JACKSON

By: /s/ *Daniel S. Blinn*
       Daniel S. Blinn (ct02188)
       Consumer Law Group, LLC
       35 Cold Spring Rd. Suite 512
       Rocky Hill, CT  06067
       Tel. (860) 571-0408
       Fax. (860) 571-7457
       dblinn@consumerlawgroup.com